In the Matter of the Claim of JOHN F. CONGDON, Respondent, against HENRY N. KLETT, Doing Business as THE KLETT Co., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and his insurance carrier appeal from a decision and award of the Workmen's Compensation Board allowing claimant compensation for disability from accidental injuries. Appellants contest the determination that the injuries arose out of and in the course of employment. Claimant was an apprentice television serviceman in an electric appliance business conducted by his employer on the first floor of a building owned by the latter. Employer's residence was on the second floor of the same building, in the rear of which he maintained a private swimming pool, fenced off from the public. The pool was used by Mr. and Mrs. Klett, neighbors, on invitation, and by Klett's two employees who, he said, were privileged to use it in their off hours; that is, the lunch period and after work hours. Their work time was from 9:00 A.M. until 5:00 P.M. with one hour, twelve noon until one o'clock, for lunch. Some elasticity prevailed as to the hours of work, particularly as to lunch time, which generally began when the men returned from their morning service calls. Claimant testified that, when he returned from calls about three-thirty or four o'clock on the afternoon of the accident, Mrs. Klett asked him to watch the store while she went to the pool, saying that he could swim after she finished; that some thirty-five or forty minutes later, when she completed her swim, he went to the pool. He testified that this was before five o'clock. He suffered his injury in diving. Claimant testified as to his use of the pool at other times during work hours. There was evidence from which it could be found that claimant used or was permitted to use the pool during regular working hours as well as evidence " that the recreation in question was afforded with the consent and encouragement of the employer to such an extent as to render it an incident of the employment." (*Matter of Brown* v. *United Services for Air*, 273 App. Div. 932, 933, affd. 298 N. Y. 901, cited in *Matter of Davis* v. *Newsweek Magazine*, 305 N. Y. 20, 26.) The evidence sustained the decision and award, which should be affirmed. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.